RALPH J. SALERNO et al., Plaintiffs, *v.* DONALD BUONO, Defendant.

City Court of the City of Schenectady, February 24, 1955.

*Leonard J. Litz* for plaintiffs.

*De Matteo & De Matteo* for defendant.

Bates, J. The plaintiffs as purchasers have brought this action claiming that the defendant as seller breached the purchase offer agreement of sale, in that certain installments of a sewer assessment remained unpaid after closing of title on the sale of certain real property on Elton Avenue in the city of Schenectady, causing the plaintiffs alleged damage to the extent of the amount of said installments, which the plaintiffs have paid to the City of Schenectady subsequent to the completion of said sale. The defendant claims that he was not obligated to pay said sewer assessment installments under the terms of said agreement.

The basic issue in this action is the meaning of the words " tax " and " taxes " as used in said agreement. The plaintiffs claim that the word " taxes ", as used in said agreement in the clause " interest, taxes and rents to be pro-rated to date of closing ", relates to those taxes that are levied by the city for general governmental purposes. The defendant contends that said word in said clause is used to relate both to said taxes and to taxes levied for local public improvements, on the basis of benefit to certain designated properties.

The meaning of the word " taxes " has been the subject of many reported court decisions. The substance of those decisions is that the word " tax " is a broad general term which not only refers to taxes levied for general governmental purposes, but also to assessments for local improvements. Those decisions seem to turn upon the context of the writing wherein the word is used. In Words and Phrases (Vol. 4, pp. 446–449; Vol. 41, pp. 116–124), there are numerous cases on the use of the word " taxes ". It is not necessary to comment on said cases, except to say that among them is the case of *Matter of Van Antwerp* (56 N. Y. 261), which states at page 265: " An assessment is a tax, although ordinarily understood to apply to specific imposi-

tions for supposed benefits, for a particular work or improvement ''. The portion of said agreement which gives rise to the opposing claims of the parties in this action reads as follows: '' Seller to furnish warranty deed, and 40 year abstract of title, water rent and tax searches showing good, marketable title, free of liens, rights of dower or other encumbrances, except as above specified, and subject to any and all easements, existing restrictions, zoning ordinances, as of this date and subject to any taxes for local improvements not now complete. In the event of loss or damage to said premises by fire previous to delivery of deed, this contract is to be void at purchaser's option. Interest, taxes, and rents to be pro-rated to date of closing.''

The tax searches mentioned in said portion of said agreement were supplied by the seller, were made by the finance department of the City of Schenectady and were set forth upon a document entitled '' City of Schenectady, Department of Finance, Tax and Assessment Search ''. Said document is dated August 12, 1953, and relates to said Elton Avenue property and shows unpaid 1953 '' current taxes '', city and school for fourth installment in amount of $5.90. Said document also shows as unpaid sewer assessments, nine installments, the first being due October 20, 1953, in amount of $30.24 and interest, and subsequent yearly installments in the same amount and interest through October 20, 1961.

In the above-quoted portion of said agreement, the first time that the word '' tax '' appears is where it refers to searches, namely, '' tax searches ''. The said tax and assessment search and said agreement which were among the closing papers, taken together, prove as a fact that the word '' tax '', as used in the phrase '' tax searches '', means both taxes levied for general governmental purposes and taxes levied for completed local public improvements and the court so finds.

The next place that the word '' taxes '' is used in said quoted portion of said agreement is in the phrase '' and subject to any taxes for local improvements not now complete ''. The fact that the word '' taxes '' is used in said phrase to mean a levy for local public improvements, is proved by said last-quoted phrase, for the phrase itself defines the type of levy meant, for it says '' taxes for local improvements '' and the court so finds.

Thus in those first two instances, the word '' tax '' is used to mean both a levy for general governmental purposes and a levy for local improvements, and the word '' taxes '' is used to mean a levy for local public improvements.

The word " taxes " appears next in said quoted portion of said agreement in the phrase " interest, taxes and rents to be pro-rated to date of closing ".  From the meaning of the word " tax ", as used in the first two instances, as found by the court as hereinabove set forth, it should be noted that the word " tax " as first used, is used in its broad general sense, and that as next used, it is likewise used in its broad general sense but to describe a levy for local improvements where a more restrictive word, namely, " assessment ", could have been used to describe a levy ·for local improvements.  The word " tax " having thus been used in its singular and plural forms, twice in the same short paragraph of said agreement, in its broad general sense, it is a logical inference from said established facts, that, in the one-clause paragraph immediately following and which treats of the same general subject, the word " tax ", in its plural form, is likewise used in its broad general sense, and that as thus used it means all taxes, including assessments for local public improvements that have been completed and the court so finds.

There are two other phrases in the portion of said agreement, first quoted hereinabove, that need comment.  They are " free of liens " and " taxes   *   *   *   to be pro-rated ".  The phrase " free of liens " in context means the seller shall convey free of liens.  Thus taken alone in context, said phrase places on the seller the obligation of liquidating liens before conveying at closing.  Taxes, including both current for general governmental purposes and completed assessments for local public improvements, are liens.  The word " pro-rated " in said second quoted phrase means " divided proportionally ".  To divide requires something to divide and at least two persons with respect to whom the division can be made.  Taxes form a subject to be divided and the seller and the purchasers in the said agreement are the two parties.  Thus the said second phrase, taken alone in context, means that taxes, both current and completed assessments, shall be divided between seller and purchasers.  Thus the first phrase, taken alone, has made all liens the obligation of the seller, while the second phrase taken alone has divided the obligation of taxes, including assessments, between seller and purchasers.  However, taken together, the two phrases are consistent and the court so finds.  They are consistent in that the said second phrase limits, restricts and modifies said first phrase.  It limits said first phrase since the word " pro-rated " in said second phrase means " divided proportionally ".  Said word has no other meaning.  There is no dispute as to its meaning.  Meaning must be given to the word " pro-rated ".  Other-

wise that which is conceded to have meaning, namely, " taxes " for current general governmental expenses " to be pro-rated ", would have no meaning. When given meaning, the said second phrase limits said first phrase and requires not only that " taxes " for current general governmental expenses (liens) be prorated, but also that " taxes " for local public improvements (liens) be prorated and the court so finds. The fact that said second phrase does not immediately follow the said first phrase or follow the end of the clause in which the first phrase appears, does not prevent it from limiting the said first phrase. Since. current taxes for general governmental expenses and taxes for local public completed improvements are liens, the words " taxes * * * to be pro-rated " can be given no other meaning except as here stated.

Webster's Dictionary defines the word " pro rata " as follows: " In proportion; proportionately; according to share, interest, or liability of each ". Webster's Dictionary also defines the word " prorate " as follows: " To divide or distribute pro-portionally ". Words and Phrases (Vol. 34, pp. 611–614), cites several cases in which the word " pro rata " is defined. In one of those cases, said word is defined as follows: " ' Pro rata ' means according to a measure which fixes proportions. It has no meaning unless referable to some rule or standard."

To give meaning to the phrase in said agreement " taxes * * * to be pro-rated to date of closing ", the " measure which fixes proportions " must be determined. The meaning latent in the words " pro-rated to date of closing " gives the measure which fixes the proportions. Thus when the exact date of closing, which is the date of passing of title, is fixed, that date divides the tax period into the time during which the seller is the owner of the premises, and into the time during which the purchasers are the owners. The ratio between those periods of time fixes the proportions. Thus if a calendar year is the tax period and March 31st at the close of business is the closing time, said periods of time are three months and nine months of owner-ship respectively by seller and purchasers. The ratio or pro-portion is as three is to nine, or $\frac{1}{4}$ ($\frac{3}{12}$) of the tax period for the seller's ownership, and $\frac{3}{4}$ ($\frac{9}{12}$) of the tax period for the purchasers' ownership. This proportion when applied to the taxes for the period, gives the amount of taxes that each party shall bear during the respective periods of ownership within the tax period.

Do the acts of the seller, the defendant herein, in his perform-ance of his part of said agreement, when said agreement is

given the meaning as herein above found by the court, show a breach of said agreement on his part? Within the meaning given to said agreement as herein above found by the court, the prorating of taxes for general governmental purposes, the tax period for which is the calendar year, has been done correctly. The date of closing was August 12, 1953. The defendant on said closing assumed the obligation for said taxes before August 12, 1953, and paid the same. Within the meaning given to said agreement as hereinabove found by the court, the prorating of taxes for local public completed improvements, the tax period for which is July 25, 1952, through October 20, 1961, has been done correctly. The defendant on said closing assumed the obligation for said taxes before August 12, 1953, and paid the same.

The court therefore finds that the plaintiff has not proved by a preponderance of the evidence a breach by the defendant of said agreement.

The court therefore finds a verdict in favor of the defendant of no cause of action.

Submit judgment, with costs in accordance with this decision and opinion.